# UNITED STATES DISTRICT COURT
## DISTRICT OF MASSACHUSETTS

### CLERK'S CERTIFICATE AND APPEALS COVER SHEET

### ABBREVIATED ELECTRONIC RECORD

Case Caption:       United States of America v. Diego MasMarques

District Court Number:       09cr10304-MLW

Fee:     Paid?   Yes _____  No _X_   Government filer _____   *In Forma Pauperis* Yes _____   No _____

Motions Pending       Yes _____ No _X_            Sealed documents       Yes _X_ No _____
*If yes, document #*    _____            *If yes, document #*    2,3,4,6

*Ex parte* documents  Yes _X_ No _____            Transcripts       Yes _____ No _X_
*If yes, document #*    2,3                        *If yes, document #*    _____

Notice of Appeal filed by: Plaintiff/Petitioner _____   Defendant/Respondent _X_   Other: _____

Appeal from:
## #7 Memorandum and Order
Other information:

        I, Robert M. Farrell, Clerk of the United States District Court for the District of Massachusetts, do hereby certify that the annexed electronic documents:

## #7 and #10
with the electronic docket sheet, constitute the abbreviated record on appeal in the above entitled case for the Notice of Appeal # _10_ filed on _November 12, 2015_.

        In testimony whereof, I hereunto set my hand and affix the seal of this Court on _November 12, 2015_.

                              **ROBERT M. FARRELL**
                              Clerk of Court

                              /s/Matthew A. Paine
                              Deputy Clerk

COURT OF APPEALS DOCKET NUMBER ASSIGNED: _____

### PLEASE RETURN TO THE USDC CLERK'S OFFICE

APPEAL

# United States District Court
## District of Massachusetts (Boston)
## CRIMINAL DOCKET FOR CASE #: 1:09-cr-10304-MLW-1

Case title: USA v. MasMarques

Date Filed: 10/16/2009
Date Terminated: 10/15/2009

Assigned to: Judge Mark L. Wolf
Referred to: Magistrate Judge Marianne
B. Bowler

**Defendant (1)**

**Diego MasMarques**
*TERMINATED: 10/15/2009*
*also known as*
Diego Mas Howard
*TERMINATED: 10/15/2009*

| **Pending Counts** | **Disposition** |
| --- | --- |
| Burglary in violation of Penal Code 1995, Article 202 (1-2) | 15 Years Custody (Spain), 120 Months Custody (Conversion Established by U.S. Parole Commission); Three (3) Years Supervised Release with Special Conditions |
| Wilful Homicide in violation of Penal Code 1995, Article 183 (3) | |

**Highest Offense Level (Opening)**

Felony

| **Terminated Counts** | **Disposition** |
| --- | --- |
| None | |

**Highest Offense Level (Terminated)**

None

| **Complaints** | **Disposition** |
| --- | --- |
| None | |

**Plaintiff**

USA

| Date Filed | # | Docket Text |
|---|---|---|
| 10/15/2009 | 1 | Probation/Supervised Release transfer from Palma de Mallorca, Belearics, Spain as to Diego MasMarques. (Attachments: # 1 Letter Dated March 4, 2008 re: Transfer Treaty Determination, # 2 Letter re: Approval of Request to Transfer, # 3 Verification of Consent to Transfer, # 4 Order from Eastern District of Wisconsin, Hon. Rudolph Randa, Chief Judge)(Cummings, Mary) (Entered: 10/16/2009) |
| 07/16/2013 | 5 | Letter (non-motion) regarding Motion to Seal Case as to Diego MasMarques. (Attachments: # 1 Copy of Motion to Seal Case, # 2 Search Engine Results) (MacDonald, Gail) (Entered: 07/16/2013) |
| 09/22/2015 | 7 | Judge Mark L. Wolf: ORDER entered. MEMORANDUM AND ORDER. Defendant's 4 Motion to Seal is DENIED; 6 Motion for Hearing is MOOT. (Bartlett, Timothy) (Entered: 09/23/2015) |
| 10/13/2015 | 8 | Docket sheet sent and document 7 Order mailed to Diego MasMarques by U.S. Postal Service to address on file. (Franklin, Yvonne) (Entered: 10/13/2015) |
| 11/05/2015 | 9 | SECOND REQUEST: From Diego Mas Marques Docket sheet and Order 7 sent to Mr. Mas Marques by U.S. Postal Service at the address on file. (Franklin, Yvonne) (Entered: 11/05/2015) |
| 11/12/2015 | 10 | NOTICE OF APPEAL by Diego MasMarques re 7 Memorandum & Order.. NOTICE TO COUNSEL: A Transcript Report/Order Form, which can be downloaded from the First Circuit Court of Appeals web site at http://www.ca1.uscourts.gov MUST be completed and submitted to the Court of Appeals. **Counsel shall register for a First Circuit CM/ECF Appellate Filer Account at http://pacer.psc.uscourts.gov/cmecf. Counsel shall also review the First Circuit requirements for electronic filing by visiting the CM/ECF Information section at http://www.ca1.uscourts.gov/cmecf.** **US District Court Clerk to deliver official record to Court of Appeals by 12/2/2015. (Franklin, Yvonne) (Main Document 10 replaced on 11/12/2015) (adminn, ). (Entered: 11/12/2015)** |

UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

UNITED STATES OF AMERICA          )
                                  )
            v.                    )       Cr. No. 09-10304-MLW
                                  )
DIEGO MASMARQUES,                 )
        Defendant.                )

MEMORANDUM AND ORDER

WOLF, D.J.                                  September 22, 2015

        Defendant Diego MasMarques has filed a Motion to Seal,

asking the court to seal the record of this case on the PACER

system and to remove the record from the Federal Bureau of

Investigation's ("FBI") National Criminal Information Center

("NCIC") database (the "Motion").   The Motion is being denied

for the reasons explained below.

I.   BACKGROUND

        On July 17, 2000, MasMarques, who is an American citizen,

was convicted of two counts of burglary and one count of willful

homicide in Spain.   The Spanish court sentenced him to one year

in prison on the first burglary count, two years in prison on

the second burglary count, and twelve years in prison on the

homicide count.   In 2005, pursuant to a Transfer Treaty, he was

transferred to the United States to serve the remainder of his

sentence.

        Prior to his transfer to the United States, MasMarques

signed a form consenting to serve the remainder of his sentence

according to the laws of the United States. By signing the form, he agreed that his "conviction or sentence can only be modified or set aside through appropriate proceedings brought by me or on my behalf in Spain." See Feb. 13, 2006 Verification of Consent to Transfer (Docket No. 1-4).

MasMarques's case was initially assigned to the Eastern District of Wisconsin for performance of the verification proceedings required by 18 U.S.C. §4108. On August 20, 2008, MasMarques was released to a three-year term of supervised release in the Southern District of New York. On June 2, 2009, with the permission of the Probation Office, MasMarques moved to Woburn, Massachusetts. As a result, his case was transferred to this court for supervision during the remainder of his period of supervised release. See 18 U.S.C. §4106A(b)(3).

On January 18, 2013, MasMarques, acting pro se, filed a motion requesting that the court seal the record of his conviction in Spain. In addition, he requests that the court remove a negative "alert" that appears in the FBI's NCIC database. He claims that the availability of his criminal record has harmed his ability to find a job. He maintains that allowing this criminal record to be publicly accessible violates his rights under the Double Jeopardy Clause.

II.   DISCUSSION

MasMarques's Motion to Seal presents four issues: (1) whether public availability of his criminal record constitutes a second punishment in violation of the Double Jeopardy Clause of the Fifth Amendment; (2) whether the court should seal the record of his conviction; (3) whether the court has authority to order the removal of the negative "alert" based on his case that appears in the FBI's NCIC database; and (4) whether the court has authority to expunge MasMarques's criminal record.

MasMarques is proceeding pro se. Therefore, his motion will be construed liberally. See Erickson v. Pardus, 551 U.S. 89, 94 (2007). Nevertheless, there is no legal basis to grant the relief that he requests. Therefore, his Motion is being denied.

A.   Double Jeopardy

The Double Jeopardy Clause "safeguards an individual against (1) a second prosecution for the same offense, following an acquittal; (2) a second prosecution for the same offense, following a conviction; and (3) multiple punishments for the same offense." United States v. Stoller, 78 F.3d 710, 714 (1st Cir. 1996) (quoting United States v. Rivera-Martinez, 931 F.3d 148, 152 (1st Cir.), cert. denied, 502 U.S. 862 (1991)). "The Clause protects only against the imposition of multiple criminal punishments for the same offense . . . and then only when such

3

occurs in successive proceedings." Hudson v. United States, 522 U.S. 93, 99 (1997) (emphasis in original).  In determining whether a government action is "punishment" for purposes of the Double Jeopardy Clause, courts examine the totality of the circumstances to determine whether its objectives or effects are "punitive" in nature.  See Stoller, 78 F.3d at 721.

The public availability of the records of MasMarques's conviction under the PACER, CORI, and NCIS system is not a "punishment" in violation of the Double Jeopardy Clause.  Many courts have recognized that "[t]he dissemination of accurate public record information concerning an individual's past criminal activities holds "the potential for substantial negative consequences." E.B. v. Verniero, 119 F.3d 1077, 1099 (3d Cir. 1997).  "Nevertheless, our laws' insistence that information regarding criminal proceedings be publicly disseminated is not intended as punishment and has never been regarded as such." Id. at 1100.  The purpose of these systems is "regulatory," and they, therefore, are "not punishment even though it may bear harshly on one affected." Doe v. Pataki, 120 F.3d 1263, 1279 (2d Cir. 1997) (quoting Flemming v. Nestor, 363 U.S. 603, 613 (1960).  Furthermore, the negative effects of publicly disseminating criminal records do not "implicate any interest of fundamental constitutional magnitude." See Verniero, 119 F.3d at 1103.  Therefore, the availability of the

4

PACER records, the NCIC alerts, and the resulting negative effects do not constitute a second punishment in violation of the Double Jeopardy Clause.

    B.  Sealing MasMarques's Court Records

    In the United States, there is a common law presumption of public access to judicial records. See Nixon v. Warner Commc'ns, Inc., 435 U.S. 589, 597 (1978); United States v. Kravetz, 706 F.3d 47, 62 (1st Cir. 2013). This presumption "stems from the premise that public monitoring of the judicial system fosters the important values of 'quality, honesty and respect for our legal system.'" Siedle v. Putnam Investments, Inc., 147 F.3d 7, 9-10 (1st Cir. 1998). Furthermore, Congress has recognized a "compelling public need" to keep criminal records publicly available. United States v. Schnitzer, 567 F.2d 536, 539 (2d Cir. 1977). When evaluating a motion to seal a court record, the court "carefully balances the competing interests that are at stake in the particular case." Siedle, 147 F.3d at 10.

    MasMarques contends that it is unfair to allow the record of his case to be publicly accessible through the court's PACER system because public availability of the record has made it difficult for him to find a job. If courts were to allow the stigma resulting from the public record of a case to outweigh the public right of access, then virtually all criminal records

would be sealed.  The balance might lean more in MasMarques's
favor if he had been acquitted or exonerated of the charges in
Spain.  See Diamond v. United States, 649 F.2d 496, 499 (7th
Cir. 1981).  However, the presumptive public right of access to
court records is not outweighed solely because the record has an
adverse effect on the defendant's livelihood, as such rule would
vitiate the presumptive public right of access.  Indeed, "courts
must be reluctant to substitute their judgment for that of
employers, legislators, and others in whom the discretion to
give second chances is more properly vested."  United States v.
Barrow, 06-Cr-1086(JFK), 2014 WL 2011689, at *2.  Consequently,
the court is denying MasMarques's request to seal the record of
this case.

    C.  Removing the "Alert" from the NCIC Database

    28 U.S.C. §534 directs the Attorney General to maintain a
criminal records database.  MasMarques complains that his
criminal record is accessible in this database.  However, courts
are without authority to order removal of a criminal record from
the NCIC database.  See Carter v. United States, 431 Fed. Appx.
104, 105-06 (3d Cir. 2011); United States v. Lucido, 612 F.3d
871, 875 (6th Cir. 2010).  Therefore, the court must deny
MasMarques's request.

### D. Expunging MasMarques's Criminal Record

MasMarques also appears to request that the court expunge the American court records of his convictions in Spain. However, federal courts lack subject matter jurisdiction to expunge criminal records based solely on "equitable reasons," meaning "grounds that rely only on notions of fairness and are entirely divorced from legal considerations." United States v. Coloian, 480 F.3d 47, 52 (1st Cir. 2009). MasMarques provides no legal basis to expunge his record. The court does not have jurisdiction to expunge his record on these grounds. See id.

### III. ORDER

In view of the foregoing, it is hereby ORDERED that Defendant's Motion to Seal (Docket No. 4) is DENIED.

                                    /s/ Mark L. Wolf
                          UNITED STATES DISTRICT JUDGE

UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

FILED
IN CLERKS OFFICE

2015 NOV 12  PM 1 45

U.S. DISTRICT COURT
DISTRICT OF MASS.

<u>**Diego Mas Marques**</u>                    )
                                                              )
                                                              )
                                                              )
                            v.                         )        C.A. No. <u>09-10304-MLW</u>
                                                              )
                                                              )
<u>**United States of America**</u>         )
                                                              )
                                                              )
                                                              )

**NOTICE OF APPEAL**

        Notice is hereby given that <u>**Diego Mas Marques**</u> the <u>**Plaintiff**</u>      in the above-

named matter, hereby appeals to the United States District Court of Appeals For the First Circuit

from the <u>**United States District Court**</u>    entered in this action on <u>**November 12, 2015**</u>.

                                                Respectfully submitted,

Date:                                        _____
                                                (signature)
                                                Print name & address:

**Certificate of Service**

        I, <u>**Diego Mas Marques**</u> , certify that I have caused a copy of this Notice of Appeal to be

served by mailing a copy of the same to <u>**Judge Mark L. Wolf**</u>              (recipient)), at

<u>**US District Court, 1 Courthouse Way, Boston, MA 0**</u>(address) on <u>**November 12, 2015**</u> (date).

Date:                                        _____
                                                (signature)
                                                Print name: